The Honorable Richard A. Jones

FILED ENTERED
LODGED RECEIVED

OCT 11 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                      DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-007 RAJ |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| CLAYTON PAUL HARKER, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Matthew P. Hampton of the Western District of Washington and Defendant CLAYTON PAUL HARKER and Defendant's attorney, GREGORY MURPHY, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.     **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

2.     **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Superseding Information:

Plea Agreement - 1
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Attempted Enticement of a Minor, as charged in Count 1, in violation of Title 18, United States Code, Sections 2422(b) and 2427; and

b.      Possession of Child Pornography, as charged in Count 2, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.      **Elements of the Offenses**. The elements of the offense of Attempted Enticement of a Minor, as charged in Count 1, are as follows:

*First*, the defendant used a means or facility of interstate or foreign commerce intending to entice, coerce, persuade, or induce a person to engage in sexual activity for which a person may be charged with a criminal offense;

*Second,* the defendant believed this person was under the age of 18 years; and

*Third*, the defendant did something that was a substantial step toward the commission of this offense that was strongly corroborative of the defendant's intent to commit this offense.

The elements of the offense of Possession of Child Pornography, as charged in Count 2, are as follows:

*First*, the defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew each visual depiction contained in the matter was of minors engaged in sexually explicit conduct;

Plea Agreement - 2
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Third*, the defendant knew that production of such visual depictions involved the use of a minor engaged in sexually explicit conduct; and

*Fourth,* each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

4.     **Penalties**. Defendant understands that the statutory penalties applicable to the offense of Attempted Enticement of a Minor, as charged in Count 1, are as follows: a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a fine of up to $250,000.00, a period of supervision following release from prison of not less than five years and up to life, a mandatory special assessment of $100.00, and a special assessment of $5,000.00 unless Defendant is indigent.

Defendant understands that the statutory penalties applicable to the offense of Possession of Child Pornography, as charged in Count 2, are as follows: a maximum term of imprisonment of up to 20 years, a fine of up to $250,000.00, a period of supervision following release from prison of not less than 5 years and up to life, a mandatory special assessment of $100.00, a special assessment of $5,000.00 unless Defendant is indigent, up to a $17,000.00 child pornography trafficking assessment, and a minimum of $3,000.00 in restitution for each victim of Defendant's offense. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant further understands that, to invoke the statutory sentence for the offense charged in Count 2, the United States must prove beyond a reasonable doubt that it involved a visual depiction of a prepubescent minor or a minor who had not attained 12 years of age. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense involved a visual depiction of a prepubescent minor or a minor who had not attained 12 years of age.

Plea Agreement - 3
*United States v.Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that for any victim of the offense charged in Count 1, Defendant will be required to pay a minimum of $3,000.00 in restitution for each such victim.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

5.   **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.

Plea Agreement - 4
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.      **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.      The right to plead not guilty and to persist in a plea of not guilty;

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

7.      **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the

Plea Agreement - 5
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

Between November and December 2022 in Whatcom County, CLAYTON PAUL HARKER used an Internet-based chat application to communicate with two people whom he believed were an adult male and his eight-year-old niece but were in fact

Plea Agreement - 6
*United States v.Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 undercover federal agents. HARKER repeatedly expressed his desire to meet with and
2 rape this fictitious eight-year-old girl and sent sexually explicit messages to the person he
3 believed was a child. HARKER also sent child sexual abuse imagery during these
4 conversations. In mid-December 2022, HARKER arranged to meet this child and her
5 uncle at a hotel in Whatcom County. HARKER arrived at the hotel intending to subject
6 this young girl to multiple sexual acts, including penetrative sexual intercourse.
7 HARKER arrived at the hotel with a black ski mask and personal lubricant for the young
8 girl. HARKER intended to use the black ski mask to cover his face while he filmed this
9 sexual abuse and thereby use this minor to engage in sexually explicit conduct for the
10 purpose of producing visual depictions of this minor engaged in such conduct.

12          But for his arrest, HARKER would have committed these acts and had he done so,
13 he could have been charged with and convicted of multiple state and federal criminal
14 offenses, including Rape of a Child in the First Degree in violation of RCW 9A.44.073
15 and Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e). By
16 traveling to the prearranged meeting location with equipment he intended to use to film
17 his rape of this young girl, among other actions, HARKER committed a substantial step
18 toward the commission of the offense charged in Count 1 of the Superseding Information.
19 This substantial step was strongly corroborative of HARKER's intent to commit this
20 offense.

22          HARKER used this same chat application to communicate with hundreds of
23 females, many of whom HARKER knew and/or believed were between 11 and 14 years
24 old. HARKER asked these minors to create sexually explicit images and videos and send
25 them to him. He then used threats to post this imagery online to coerce and extort these
26 minors into creating and sending additional sexually explicit images and videos to him.
27          In December 2022 at his home in Whatcom County, HARKER knowingly
28 possessed at least 211 images and 22 videos depicting actual minors engaged in sexually

Plea Agreement - 7
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

explicit conduct. These visual depictions included depictions of prepubescent minors, infants, and toddlers engaged in sexually explicit conduct, as well as depictions of sadistic or masochistic conduct involving minors. The following files are representative of those HARKER knowingly possessed on his digital media:

> **File 1:** This image depicts a prepubescent female approximately 3-6 years old with dark hair, laying naked on her stomach and sucking her thumb. An adult male is penetrating the child's anus with his erect penis. A second adult male penis is visible near the child's labia.

> **File 2:** This image depicts a prepubescent female approximately 7-9 years old with dark hair, wearing a blue dress/skirt with a lighter blue top. A naked adult male's erect penis is visible behind the child's naked buttock.

At all relevant times, HARKER was aware of the content of these visual depictions stored on his devices. Each of these visual depictions was shipped or transported in interstate or foreign commerce or produced using materials that had been shipped or transported in interstate or foreign commerce.

HARKER agrees that he used, or intended to use, the items listed in Paragraph 12 to facilitate his commission of the offenses charged in Counts 1 and 2 of the Superseding Information.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.    **Acceptance of Responsibility**. At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three

levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Restitution**. Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a.    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b.    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those

Plea Agreement - 9
*United States v.Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

          c.     The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

        12.    **Forfeiture**. Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United

Plea Agreement - 10
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States immediately his right, title, and interest in all property he used, or intended to use, to commit or to facilitate his commission of Attempted Enticement of a Minor, the offense set forth in Count 1 of the Superseding Information, and all property constituting or derived from proceeds he obtained, directly or indirectly, as a result of the offense. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 2428, and includes but is not limited to the following property seized from CLAYTON PAUL HARKER in or about December 2022:

      a.    A black SAMSUNG GALAXY A01_3821 cell phone in multicolored case;

      b.    A black SAMSUNG GALAXY J3_2937 cell phone in multicolored case;

      c.    A Cybershot digital camera black in color in black camera bag;

      d.    One 64 GB SAN DISK;

      e.    One 32 GB SAN DISK;

      f.    One 16GB SAN DISK;

      g.    A black ski mask; and

      h.    A 4oz bottle of JO H20 Strawberry Kisses personal lubricant.

Defendant also agrees to forfeit to the United States immediately his right, title, and interest in all property used, or intended to be used, to commit or to facilitate his commission of Possession of Child Pornography, the offense set forth in Count 2 of the Superseding Information, any proceeds of the offense, and any data files consisting of or containing visual depictions within the meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18, United States Code, Section 2253(a) and includes but is not limited to the following property seized from CLAYTON PAUL HARKER in or about December 2022:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.  A black SAMSUNG GALAXY A01_3821 cell phone in multicolored case;

b.  A black SAMSUNG GALAXY J3_2937 cell phone in multicolored case;

c.  A Cybershot digital camera black in color in black camera bag;

d.  One 64 GB SAN DISK;

e.  One 32 GB SAN DISK;

f.  One 16GB SAN DISK;

g.  A black ski mask; and

h.  A 4oz bottle of JO H20 Strawberry Kisses personal lubricant.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if the Defendant used, or intended to use, that property to commit or to facilitate his commission of the identified offense.

Plea Agreement - 12
*United States v.Harker*, CR23-007 RAJ
USAO #2022R01342

13.     **Abandonment of Non-Contraband Data Files and Other Property**. Defendant abandons any interest he may have in any non-contraband data files contained on the electronic devices identified in Paragraph 12 and he consents to the federal administrative disposition of those data files, including their destruction.

14.     **Registration as a Sex Offender**. Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and is a student. Defendant further agrees that for initial registration purposes only, Defendant is required also to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

15.     **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 13
*United States v.Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16.     **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.     **Waiver of Appellate Rights and Rights to Collateral Attacks**. Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

Plea Agreement - 14
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

       a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

       b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea

Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 16
*United States v. Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

20.    **Completeness of Plea Agreement**. The United States and Defendant

2

acknowledge that these terms constitute the entire Plea Agreement between the parties,

3

except as may be set forth on the record at the change of plea hearing in this matter. This

4

Plea Agreement binds only the United States Attorney's Office for the Western District

5

of Washington. It does not bind any other United States Attorney's Office or any other

6

office or agency of the United States, or any state or local prosecutor.

7

Dated this 11th day of October, 2023.

8

9

10

CLAYTON PAUL HARKER

11

Defendant

12

13

GREGORY MURPHY

14

Assistant Federal Public Defender

15

16

*s/ Matthew P. Hampton for*

17

MARCI L. ELLSWORTH

Assistant United States Attorney

18

19

*s/ Matthew P. Hampton*

20

MATTHEW P. HAMPTON

21

Assistant United States Attorney

22

23

24

25

26

27

28

Plea Agreement - 17
*United States v.Harker*, CR23-007 RAJ
USAO #2022R01342

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970